UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

CRYSTAL A. EWING, et al.

Defendants.

2:07-CV-00479-PMP-GWF

<u>ORDER</u>

Presently before the Court is Plaintiff Federal Trade Commission's ("FTC") Motion to Admit Consumer Complaints (Doc. #27). Defendant Crystal A. Ewing ("Ewing") filed objections (Doc. ##25, 26, 32). The FTC filed a reply (Doc. #33).

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. This case arises out of prize promotion activities in which Ewing and other defendants allegedly conducted mass mailing campaigns designed to induce consumers to send processing fees to defendants to receive substantial cash prizes that the consumers purportedly had won. (Compl. (Doc. #1) at 4.) On June 14, 2007, this Court entered a stipulated judgment and permanent injunction as to Ewing ordering, among other things, that Ewing is prohibited from participating in, or assisting others with, prize promotions. (Stipulated Final J. & Order for Perm. Inj. (Doc. #6).) The FTC now alleges several violations of the permanent injunction by Ewing, including Ewing's work for Puzzles Unlimited, LLC, which are the subject of the FTC's pending contempt motion set for hearing on December 8, 2014. (FTC's Mot. to Hold Crystal A. Ewing in Contempt (Doc. #11); Mins. of Proceedings (Doc. #37).)

In connection with its contempt motion, the FTC moves to admit into evidence 162 consumer complaints regarding Puzzles Unlimited's mailers, arguing the complaints are admissible for their truth under the residual exception to the hearsay rule, Federal Rule of Evidence 807.[1] The FTC argues the consumer complaints are trustworthy and offer evidence of facts material to the Court's determination of consumer harm. The FTC further argues that the complaints are the most probative evidence the FTC can obtain through reasonable means, and that admitting the complaints for their truth serves the general purpose of the rules of evidence and the interests of justice. The FTC also moves to admit three consumer declarations attesting to similar facts as the consumer complaints.

Ewing responds that the unsworn consumer complaints are inadmissible because they do not have circumstantial guarantees of trustworthiness. Ewing also argues the complaints are not more probative on the point for which they are offered than other evidence the FTC could obtain through reasonable efforts, such as having the consumers testify under oath so they can be cross-examined regarding their motives in making the complaints. Ewing does not respond to the FTC's arguments regarding the consumer declarations.

To be admissible under Rule 807, a hearsay statement must: (1) have "equivalent circumstantial guarantees of trustworthiness;" (2) be "offered as evidence of a material fact;" (3) be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) be admitted to "best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). Additionally,

---

[1] The FTC's Motion does not specify which consumer complaints and declarations it seeks to admit. However, the FTC's Supplemental Memorandum in Support of Compensatory Relief, which was filed before this Motion, lists various consumer complaints and declarations and states that the FTC intends to move to have them admitted into evidence. (FTC's Supp. Memo. in Support of Compensatory Relief (Doc. #17) at 14-15 & n.12.) The Court therefore understands the complaints and declarations listed in the FTC's Supplemental Memorandum in Support of Compensatory Relief to be those at issue in this Motion.

2

the moving party must provide the adverse party "reasonable notice" of its intent to offer the statement. Fed. R. Evid. 807(b).[2] The Court's "most important inquiry under this Rule is whether the proffered evidence has trustworthiness equivalent to that of the enumerated hearsay exceptions." FTC v. Figgie Int'l, Inc., 994 F.2d 595, 608 (9th Cir. 1993) (per curiam). It is within the Court's discretion whether to admit evidence under Rule 807. See Orr v. Bank of Am., 285 F.3d 764, 778 (9th Cir. 2002).

### 1. Circumstantial Guarantees of Trustworthiness

The FTC argues the consumer complaints have circumstantial guarantees of trustworthiness because they recount similar facts and were submitted by numerous unrelated members of the public in different cities to various independent sources, including the FTC, the Better Business Bureau, the United States Postal Service, and state attorneys general. The FTC also argues there is little risk of the hearsay dangers of faulty perception, memory, or meaning because the complaints were filed shortly after the consumers' interactions with defendants. The FTC argues the complaints are more reliable than live testimony would be up to six years after the consumers submitted the complaints. The FTC further argues the complaints' trustworthiness is bolstered by Puzzles Unlimited's mailers because the mailers contain express misrepresentations, and consumer reliance on express misrepresentations is presumptively reasonable. Finally, the FTC contends that the consistency between the complaints and the mailers indicate there is little risk the statements in the complaints were the product of faulty perception.

Ewing responds that the unsworn consumer complaints do not have circumstantial guarantees of trustworthiness. Specifically, Ewing argues there is no way of ascertaining the consumers' motives in making the complaints, which may be financial. Ewing further argues there is no way of knowing whether the consumers later recanted or

---

[2] Ewing does not dispute she received reasonable notice of the FTC's intent to offer the consumer complaints. The Court therefore will not address this requirement.

3

1 reaffirmed their complaints. Ewing contends it would be prejudicial to admit the
2 complaints without giving her an opportunity to cross-examine the consumers.
3    The Court finds the complaints have circumstantial guarantees of trustworthiness
4 that are equivalent to the hearsay exceptions. The complaints were made independently by
5 numerous unrelated consumers to different sources, and they report "roughly similar
6 experiences" regarding Puzzles Unlimited's mailers. <u>Figgie</u>, 994 F.2d at 608. For instance,
7 various complaints state that consumers received mailers stating that the consumers had
8 won thousands of dollars, and that all they need to do to claim their prizes was to send in
9 processing fees. (<u>See, e.g.</u>, FTC's Supp. Memo. in Support of Compensatory Relief (Doc.
10 #17), Ex. A, Attach. B at PU000255-258 (stating that consumer Joyce Douglas sent in
11 checks and money orders to receive a $5,000 award); PU000273-80 (stating that consumer
12 Doris Nixon sent a $12.00 money order to receive a $6,000 award).) The complaints also
13 were made proximate to the time the mailers were received. (<u>See, e.g.</u>, <u>id.</u> at PU000241-48
14 (stating that the transactions at issue involving consumer Curtis Mapp occurred February
15 11, 2009 through April 14, 2010, and his complaint is dated June 5, 2010).) Although the
16 complaints are unsworn, the volume and similarity of the complaints indicates the
17 complaints are not "the product of fault perception, memory or meaning, the dangers
18 against which the hearsay rule seeks to guard." <u>Figgie</u>, 994 F.2d at 608.

19    **2. Material Fact**

20    The FTC argues the complaints focus on facts material to the Court's
21 determination of consumer harm and the necessity of compensatory contempt relief.
22 Specifically, the FTC argues the complaints are evidence of material facts because they
23 show that consumers who received mailers from Puzzles Unlimited were deceived into
24 believing that if they sent a processing fee to Puzzles Unlimited, they would receive
25 guaranteed winnings. Ewing responds that her employment at Puzzles Unlimited involved
26 contests of skill, not deceptive prize promotion activities, and therefore she argues she has

4

not violated this Court's Order.

The consumer complaints attest to consumers' expectations, based on the statements in Puzzles Unlimited's mailers, that they had won substantial cash prizes. The consumer complaints further state that in response to the mailers, the consumers sent in processing fees to claim their prizes. The fact that consumers expected, based on the statements in Puzzles Unlimited's mailers, that they had won substantial cash prizes and sent in processing fees to claim their prizes is material to this case.

### 3. Probative Value

The FTC argues the consumer complaints are the most probative evidence of consumer deception the FTC can obtain through reasonable means. Specifically, the FTC argues that calling numerous consumers to testify would be unlikely to produce more reliable evidence than the complaints themselves, which were written near in time to the consumers' receipt of Puzzles Unlimited's mailers. Given that the consumers live across the country and that many of them are elderly and live in remote areas, the FTC argues it would be burdensome to call them as witnesses. Finally, the FTC argues that calling the consumers as witnesses would be an unnecessary use of the Court's time, and unreasonably burdensome and costly for the FTC. Ewing responds it would be more probative to have the consumers testify under oath because it would allow the consumers to be cross-examined regarding their motives in making the complaints.

Reasonable efforts would not produce evidence that is more probative than the contemporaneous consumer complaints. If the complaints were not admitted, it would require the live, repetitive testimony of more than 160 consumers. Bringing each consumer into court to testify, under oath, that his or her statements were true would be burdensome and would not necessarily result in testimony that is any more trustworthy than the complaints themselves, particularly given that years have lapsed since some of the complaints. See Figgie, 994 F.2d at 609 (stating that live testimony from 127 complainants

in an FTC enforcement action "is not likely to be any more reliable than the letters themselves" given the amount of time that had passed).

### 4. Purpose of Rules and Interests of Justice

The FTC argues that admitting the consumer complaints serves the general purpose of the rules of evidence and the interests of justice because they are relevant and probative of the harm to consumers arising from Ewing's violations of this Court's Order. The FTC further argues that its enforcement actions effectively would be halted if it was barred from presenting the information such as consumer complaints that it uses to investigate and prosecute cases. Ewing does not specifically respond to these arguments, but she argues the possibility of prejudice to her outweighs the complaints' probative value.

Admitting the complaints makes relevant evidence available for consideration. Figgie, 994 F.3d at 609 (stating that "the federal rules' paramount goal [is] making relevant evidence admissible" (quotation omitted)). Further, admitting the complaints is the most efficient means of showing the consumers' expectation, based on the mailers, that the consumers would receive substantial cash prizes if they sent in processing fees. Due to the amount of time that has passed since the complaints were made, as well as the attendant practical difficulties of having the consumers testify, reasonable efforts would not produce evidence that is more probative than the contemporaneous complaints.

Given that the consumer complaints meet each of the four requirements under Rule 807(a), and that Ewing does not dispute she received reasonable notice of the FTC's intent to offer the complaints, the Court finds that the consumer complaints are admissible for their truth. Further, because the consumer declarations are given under the penalty of perjury, and Ewing does not object to the admission of the consumer declarations, the Court also will admit the consumer declarations. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.")

1  IT IS THEREFORE ORDERED that Plaintiff Federal Trade Commission's
2  Motion to Admit Consumer Complaints (Doc. #27) is GRANTED.

4  DATED: October 29, 2014

_____
PHILIP M. PRO
United States District Judge