UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

            Plaintiff,

-against-

CRYSTAL EWING, et. al,

            Defendants.

Case No: 2:07-cv-000479-PMP (GWF)

**STIPULATED FINAL JUDGMENT, ORDER FOR COMPENSATORY CONTEMPT RELIEF, AND MODIFIED ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO CRYSTAL EWING**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Motion for Contempt against Defendant Crystal Ewing based on Defendant's violation of the Order entered by this Court on June 15, 2007 ("2007 Order"). The Commission and Defendant Crystal Ewing stipulate to the entry of this Stipulated Final Judgment, Order for Compensatory Contempt Relief, and Modified Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this contempt proceeding.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Commission's Motion for Contempt and subsequent filings allege that Defendant Crystal Ewing violated the Court's ban on prize promotion activities, and that consumers suffered injury of $9,513,084 as a result of such violations.

3. Specifically, Defendant Ewing, through her work with Glen Burke and Puzzles Unlimited, LLC, violated the 2007 Order's ban on prize promotion activities.

1

4. Ewing reviewed and edited every mailer Puzzles Unlimited disseminated to consumers during the period of 2008 through 2014. These mailers contained material misrepresentations that were likely to mislead consumers acting reasonably under the circumstances.

5. Numerous consumers were in fact misled by Puzzles Unlimited's mailers.

6. Puzzles Unlimited received a total of $9,543,234 from consumers as a result of the deceptive mailers. At most, $30,150 was received from consumers who obtained prize money from Puzzles Unlimited.

7. Therefore, the total consumer injury that resulted from Ewing's contumacious activities related to Puzzles Unlimited was Puzzles Unlimited's total receipts less $30,150, or $9,513,084.

8. Defendant admits the allegations in the Commission's Motion for Contempt, Memorandum in Support of that Motion, and the FTC's subsequent filings with this Court; and the findings herein.

9. Defendant waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

10. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

11. This Order is in the public interest.

12. The paragraphs of this Order shall be read as the necessary requirements of compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

13. All provisions of the 2007 Order remain in full force and effect except as otherwise stated in this Supplemental Order.

## DEFINITIONS

For the purpose of this Order:

1. "Assisting" means providing substantial assistance or support to any person. For purposes of this Order, providing substantial assistance or support includes, but is not limited to: (a) preparing, printing or transmitting invoices; (b) recording or verifying sales solicitations; (c) performing customer service functions including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer; (d) developing, providing or arranging for the development or provision of sales scripts or any other marketing material; (e) verifying, processing, fulfilling or arranging for the fulfillment of orders; (f) developing, providing or arranging for the provision of names of potential customers; (g) collecting or arranging for the collection of accounts receivable or other amounts owed; (h) providing or arranging for the provision of post office boxes or the services of commercial mail receiving agencies; or (i) performing or providing marketing services of any kind.

2. "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. "Defendant" means Crystal Ewing.

4. "Direct mail marketing" means solicitations or other advertisements sent through the U.S. Postal Service or other commercial mail carrier.

5. "Person" means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

6. "Telemarketing" means a plan, program, or campaign, which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate phone call.

7. The term "including" in this Order means "including without limitation."

3

I

BAN ON DIRECT MAIL MARKETING

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from engaging, participating, or assisting others in the advertising, promoting, offering for sale, selling, or distributing of any product, program, or service by direct mail marketing.

II

PROHIBITION AGAINST MISPRESENTATIONS

(Supersedes Section II of 2007 Order)

**IT IS FURTHER ORDERED** that Defendant, her successors and assigns, and her officers, agents, directors, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division or other device, or any of them, in connection with the advertising, promoting, telemarketing, offering for sale, selling or distributing of any good or service are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material to a consumer's decision to purchase goods or services.

III

MONETARY JUDGMENT AND COMPENSATORY CONTEMPT RELIEF

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of nine million five hundred thirteen thousand and eighty-four dollars ($9,513,084) is entered in favor of the Commission against Defendant, as compensatory contempt relief.

B. The facts alleged in the FTC's Memorandum in Support of Its Motion to Hold Crystal A. Ewing in Contempt (Dkt. #11-1 and accompanying exhibits) and the FTC's

4

subsequent filings (Dkt. ##17, 28, and 34) related to the FTC's contempt motion will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.   The facts alleged in the FTC's Memorandum in Support of Its Motion to Hold Crystal A. Ewing in Contempt (Dkt. #11-1 and accompanying exhibits) and the FTC's subsequent filings (Dkt. ##17, 28, and 34) establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.   Defendant acknowledges that her Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

# IV

## CUSTOMER INFORMATION
(supersedes Section III of 2007 Order)

**IT IS FURTHER ORDERED** that Defendant, her officers, agents, servants, and employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Modified Order in connection with any prize promotion activity.

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

# V

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, Defendant for any business engaged in activities covered by this Order that such Defendant is the majority owner or controls directly or indirectly must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI

## COMPLIANCE REPORTING
### (supersedes Section VI of 2007 Order)

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. 60 days after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.

1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products, programs, and services offered, the

7

means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

    2. Additionally, Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, D.C. 20580. The subject line must begin: *FTC v. Crystal Ewing, et al.*, D. Nev., No. 2:07-cv-000479-PMP (GWF), FTC Matter No. X070032.

## VII
## RECORD KEEPING PROVISIONS
### (supersedes Section VIII of 2007 Order)

**IT IS FURTHER ORDERED** that Defendant must create certain records for 20 years after entry of this Order, and retain each such record for 5 years. Specifically, Defendant, must create and retain the following records:

A.    Accounting records showing the revenues from all products, programs, or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

D. A copy of each unique advertisement or other marketing material.

## VIII

## COMPLIANCE MONITORING
### (supersedes Section VII of 2007 Order)

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission also is authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§49, 57b-1.

## IX

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED AND AGREED:

Dated: 1/25, 2015

ELSIE B. KAPPLER
ALEJANDRO G. ROSENBERG
Federal Trade Commission
600 Pennsylvania Ave., NW
Maildrop CC-9528
Washington, D.C. 20580
(202) 326-2466 (Kappler)
(202) 326-2698 (Rosenberg)
(202) 326-3197 (Fax)
Email: ekappler@ftc.gov; arosenberg@ftc.gov
Attorneys for Plaintiff
Federal Trade Commission

Dated: 12/3, 2014

CRYSTAL EWING
Defendant

Dated: 12/3, 2014

Steven A. Dilibero
Dilibero and Associates
130 Dorrance Street
Providence, RI 02903
(888) 742-8897 (Phone)
Email: sdilibero@diliberoandassociates.com
Attorney for Defendant Crystal Ewing

IT IS SO ORDERED February 3, 2015.

_____
UNITED STATES DISTRICT JUDGE

11

1